The undersigned respectfully dissents from the Opinion and Award of the majority awarding plaintiff total disability compensation from July 3, 2002 through September 10, 2004. The greater weight of the competent evidence proves that defendants sufficiently rebutted the presumption that plaintiff was disabled during this time period due to his September 10, 2000 work related injury.
On November 22, 2000, following plaintiff's 2000 injury, plaintiff was evaluated by Dr. Welshofer, the only physician that treated plaintiff both before and after his 2000 injury. Based upon his evaluation and the findings from the November 2000 MRI, Dr. Welshofer assigned a 0% impairment rating and released plaintiff to return to work without restrictions. Plaintiff did not seek additional medical treatment for eighteen (18) months thereafter until he reported to an emergency room on July 3, 2002 complaining of back pain since Sunday from sleeping on a couch. On March of 2004, plaintiff returned to Dr. Welshofer who ordered an MRI revealing disc degeneration at L5-S1 and a right-of-center annular tear. Given the eighteen (18) month gap without treatment, Dr. Welshofer could not establish a causal connection between plaintiff's condition and his work accident beyond the realm of possibility. In addition, Dr. Welshofer indicated that plaintiff's employment subsequent to his employment with defendant would have aggravated plaintiff's pre-existing condition.
The majority argues that Dr. Welshofer testified to a reasonable degree of medical certainty that, absent evidence of re-injury and if plaintiff's symptoms never fully resolved, *Page 14 
plaintiff's current condition is a continuation or exacerbation of and a natural progression of his September 2000 injury. However, Dr. Welshofer distinguished between simple symptoms and clinically relevant symptoms, which plaintiff did not have. In addition, Dr. Welshofer testified that he would have expected there to be clinically relevant symptoms within six months from the time he released plaintiff in November 2000 and as such, there should have been some degree of medical intervention if plaintiff had experienced relevant symptoms.
As the majority points out, Dr. Abda did testify to a reasonable degree of medical certainty that plaintiff's current condition was a natural progression from his September 2000 injury; however, Dr. Abda did not see plaintiff until three years after his accident. Dr. Abda's relating of plaintiff's condition in 2003 to the 2000 injury was based on the theory that plaintiff had no symptoms before that event and did have symptoms after. Such causation testimony relying on post hoc, ergopropter hoc is insufficient as it "confuses sequence with consequence and assumes a false connection between causation and temporal sequence."Young v. Hickory Business Furniture, 353 N.C. 227, 538 S.E. 2d 912
(2000). Therefore, the medical evidence does not show that plaintiff's disability from 2002 was related to his injury in 2000.
The greater weight of the evidence shows that plaintiff's back condition beginning in July 2002 is not directly and causally related to his injury by accident on September 4, 2000. Therefore, I believe plaintiff is not entitled to workers' compensation disability benefits.
This the 18th day of June, 2007.
S/________________ BUCK LATTIMORE. CHAIRMAN. *Page 1